UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORLAND RIVERA-AMADOR,

    Petitioner,

v.                                    Case No. 3:26-cv-70-JEP-LLL

SHERIFF SCOTTY RHODEN, et al.,

    Respondents.
_____

## **ORDER**

Through counsel, Petitioner filed a writ of habeas corpus under 28 U.S.C. § 2241, arguing his immigration detention is unlawful and seeking a stay of his removal and release from custody (Doc. 1). Petitioner acknowledges in his Petition that he previously filed an action challenging this detention, which this Court dismissed without prejudice. *See* Doc. 1 ¶ 8. *See also* Case No. 3:25-cv-1460-WWB-SJH, Doc. 10 (dismissing the § 2241 petition because the *Zadvydas*[1] claim was premature, and the other claim was barred under 8 U.S.C. § 1252(g)). Petitioner contends that he has refiled his claims because "the underlying circumstances of detention remain ongoing and unresolved." Doc. 1 ¶ 8. He further states, "Nearly a month has passed since the dissolution

---

[1] *Zadvydas v. Davis*, 533 U.S. 678 (2001).

of the Temporary Restraining Order [issued in his prior case], yet Petitioner remains in ICE custody and has not been removed from the United States." *Id.* ¶ 59.[2]

Petitioner also separately filed an Emergency Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 3). The Emergency Motion includes no memorandum of law explaining how or why Petitioner satisfies the four prerequisites to obtaining such relief. *See* Doc. 3. Rather, he relies solely on the allegations in his Petition. *See id.* ¶ 1.

With respect to the Petition, aside from allegations that Respondents have not served Petitioner or his attorney with written notice of revocation of Petitioner's Order of Supervision in violation of statutory and regulatory requirements, *id.* ¶¶ 4, 20–23, 57, the Petition in this case is identical to the one Petitioner filed in the prior case. The same Respondents are named, and the claims presented are identical to those previously raised, which were dismissed as premature or for lack of jurisdiction. As such, the Court will direct

---

[2] The Temporary Restraining Order issued in the prior case was dissolved. *See* Case No. 3:25-cv-1460-WWB-SJH, Doc. 10. To the extent Petitioner complains about the length of his detention—since November 14, 2025—a *Zadvydas* claim is premature for reasons previously stated. *See id.*

2

Petitioner to show cause why this case should not be dismissed on the same grounds and will deny the Emergency Motion without prejudice.[3]

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Within **five days** of the date of this Order, Petitioner shall **show cause** why the Petition should not be dismissed without prejudice.

2. Petitioner's Emergency Motion (Doc. 3) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on January 15, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-6
c:
Counsel of Record

---

[3] Not only does the Emergency Motion not include a memorandum of law, but given Petitioner presents the same claims as before, it appears he cannot demonstrate a likelihood of success on the merits.